UNITED STATES COURT OF APPEALS

**Filed 12/16/96**

FOR THE TENTH CIRCUIT

JOHN G. WESTINE, JR.,

      Plaintiff-Appellant,

v.

GONZALES CONSTRUCTION
COMPANY,

      Third-Party-Plaintiff-
Appellee,

v.

UNITED STATES OF AMERICA,

      Third-Party-Defendant-
Appellee.

95-1510
(D.C. No. 94-B-1143)
(D. Colo.)

ORDER AND JUDGMENT[*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District Judge.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff John G. Westine, Jr. appeals from an order of the district court dismissing his action for lack of jurisdiction. We affirm.

Westine commenced this Bivens[1] action alleging his rights under the First, Fifth, Eighth, and Fourteenth Amendments were violated because he was exposed to asbestos and lead-containing material during installation of a fire suppression system at the Federal Correctional Institution where he was confined. Westine also alleged violations of CERCLA, OSHA, RICO, and state law negligence.

The district court dismissed the action holding that Westine had failed to state any viable claim for any federal action and declining to exercise jurisdiction over Westine's remaining state law claims. We review the district court's

_____

[**] Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

dismissal of an action for lack of jurisdiction de novo. Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 944 (10th Cir. 1995).

Neither CERCLA nor OSHA contain statutory provisions permitting a private cause of action for personal injury. See Daigle v. Shell Oil Co., 972 F.2d 1527, 1537 (10th Cir. 1992)(CERCLA); Ellis v. Chase Communications, Inc., 63 F.3d 473, 477 (6th Cir.1995)(OSHA); cf. Frohlick Crane Serv., Inc. v. Occupational Safety & Health Review Comm'n, 521 F.2d 628, 631 (10th Cir. 1975). No recovery for personal injury is provided for under the statutes governing RICO actions. See 18 U.S.C. § 1964(c)(recovery permitted only for injury to individual's business or property); cf. Reiter v. Sonotone Corp., 442 U.S. 330, 339 (1979)(phrase "business or property" excludes personal injuries).

Westine alleged several constitutional violations under his Bivens claim. However, defendant is a private contractor, not a government actor, a prerequisite to bringing such a claim. See Bivens, 403 U.S. at 397 (to state a Bivens-type claim, plaintiff must show injury as a result of violation of constitutional rights by *federal* agents).

Westine has alleged no viable federal claim. When all federal claims have been dismissed, the court may properly decline to exercise jurisdiction over any remaining state claims. See 28 U.S.C. § 1367(c)(3). We see no abuse of

discretion by the district court in its dismissal of Westine's remaining state claims.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge